UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LOUIS J. GIULIANO, JR., <br> Plaintiff, <br> <br> v. <br> <br> CHAPEL MORTGAGE <br> CORPORATION; HOUSEHOLD <br> FINANCE CORPORATION II; and <br> WILMINGTON SAVINGS FUND <br> SOCIETY, FSB as Trustee of <br> STANWICH MORTGAGE LOAN <br> TRUST A COMPANY IV, LLC, <br> Defendants. | C.A. No. 20-510-JJM-LDA |

## ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

Plaintiff Louis J. Giuliano, Jr. filed this lawsuit against Defendants Chapel Mortgage Corporation, Household Finance Corporation II ("HFC"), and Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust A Company IV, LLC ("WSFS"), alleging that the foreclosure on Mr. Giuliano's property in 2013 should not be enforced because the mortgage assignment and note with Chapel Mortgage were done illegally. Defendants move to dismiss Mr. Giuliano's complaint under res judicata and alternatively for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

"The accepted formulation of res judicata for federal court use teaches that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Gonzalez v.*

1

*Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir. 1994) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). For a subsequent action to be precluded under res judicata, there must be "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Gonzalez*, 27 F.3d at 755 (quoting *Aunyx Corp. v. Canon U.S.A., Inc.*, 978 F.2d 3, 6 (1st Cir. 1992), *cert. denied*, 507 U.S. 973 (1993)). The Court finds that, after reviewing the briefing in this case and the docket and filings in the previous case, res judicata bars relief in this case.

Turning to the first element, the Court dismissed Mr. Giuliano's 2013 lawsuit[1] because he failed to oppose the motion and his complaint failed to state a claim on which he could obtain relief. Mr. Giuliano appealed to the First Circuit Court of Appeals twice–the first appeal was rejected as interlocutory and the second, filed after final judgment entered, was denied on the merits. *Giuliano 2013*, ECF Nos. 30, 52). The first res judicata element is satisfied.

Turning to the second element, the issues Mr. Giuliano raises here are the same as the ones in *Giuliano 2013*. He argues that there are new facts[2] about the assignments and foreclosure that the Court should consider, rendering the issues different and justifying the new lawsuit. But "[t]he necessary identity will be found

---

[1] *Giuliano v. Chapel Mortg. Corp., et al.*, C.A. No. 13-cv-00518-JJM-LDA ("*Giuliano 2013*").

[2] It is not clear from the complaint and pleading whether Mr. Giuliano has raised any new facts in this case. What is clear is that the bases of his claims are the same for res judicata purposes.

to exist if both sets of claims—those asserted in the earlier action and those asserted in the subsequent action—derive from a common nucleus of operative facts." *Gonzalez*, 27 F.3d at 755 (citing *Kale v. Combined Ins. Co.*, 924 F.2d 1161, 1166 (1st Cir.), *cert. denied*, 502 U.S. 816 (1991)). In his 2013 complaint, he alleged that the assignment from Chapel Mortgage to HFC was void so HFC did not have standing to foreclose. *Giuliano 2013*, ECF No. 1. The "common nucleus of operative facts" is the same in this suit. When the "appellants' claims stem from the same series of transactions as the claims asserted in the initial litigation[,]" *Gonzalez*, 27 F.3d at 756, there is sufficient identity of issues such that the second element is satisfied.

To meet the final element, the parties must also be identical or in privity in both suits. *Id.* at 757 (privity is a "familiar mechanism for extending res judicata to nonparties"). Mr. Giuliano and HFC were both in the original suit; WSFS was not named in the 2013 suit because it did not become involved with this foreclosure until 2017 when HFC sold the loan to Stanwich Mortgage Loan (WSFS is Stanwich's trustee). But Defendants argue that WSFS is in privity with HFC. "Parties are in privity when 'there is a commonality of interest between the two entities' and when they 'sufficiently represent' each other's interests." *Commercial Union Ins. Co. v. Pelchat*, 727 A.2d 676, 680 (R.I. 1999) (quoting *Studio Art Theatre of Evansville, Inc. v. City of Evansville Indiana*, 76 F.3d 128, 131 (7th Cir.) *cert. denied*, 519 U.S. 866 (1996)); *Duffy v. Milder*, 896 A.2d 27, 36 (R.I. 2006). The Court finds that, as transferee of the property, WSFS is in privity with HFC. The judgment that HFC had standing to foreclose in the previous case and dismissing it is conclusive as to

3

WSFS as it was to HFC. There is identity of parties in this case and the previous case so the final res judicata element is met.

The requirements of res judicata are satisfied in this case. The Court's prior final judgment precludes Mr. Giuliano from pursuing this case against these Defendants based on his property foreclosure in 2013. The Court GRANTS Defendants' Motion to Dismiss. ECF No. 7.

Defendants also seeks an injunction, barring Mr. Giuliano from additional filings without seeking the Court's leave. Mr. Giuliano's previous case was filed in 2013; he sought many extensions and missed filing deadlines. His case progressed through the Court's Special Master program and did not settle despite valiant effort. Given the Court's ruling that res judicata bars this action, additional filings on this subject matter would be frivolous.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

May 11, 2021